CHARLES .CHINIQUY

*v.*

LOUIS DELIERE.

1. ASSUMPSIT—*parish priest—church warden.* An action of assumpsit will not lie by a church warden, for services as such, against the priest of the parish, in a case where such church warden was appointed by the trustees of the church.

APPEAL from the Circuit Court of Kankakee county; the Hon. CHARLES R. STARR, Judge, presiding.

This was an action of assumpsit in the Kankakee Circuit Court, by Louis Deliere against Charles Chiniquy, and verdict and judgment for the plaintiff. The case is brought here by the defendant, by appeal, and the following errors assigned :

1.   In giving the plaintiff's intentions.
2.   In refusing to grant a new trial, and in giving judgment on the verdict.

The facts are sufficiently stated in the opinion of the court.

Mr. STEPHEN R. MOORE for appellant.

Mr. C. A. LAKE for appellee.

Mr. JUSTICE BREESE delivered the opinion of the court :

This was an action of assumpsit in the Kankakee Circuit Court, brought by appellee against appellant, and a judgment obtained against appellant for three hundred and thirty-six dollars.

The declaration counted on an imaginary or supposed promissory note for four hundred dollars, executed by appellant to appellee, but no note was produced or shown, the

real ground of controversy being a claim for services set up by appellee against the appellant.

It appears that appellant was the pastor of the Church of St. Ann, composed of emigrants from Canada, and that during his absence in Europe, the trustees of the church employed appellee to officiate as warden thereof, and he was regularly installed into office, and put, with his family, into possession of three rooms in the basement of the church, where he continued to reside for about four years. His services, it appears, were not very onerous, consisting chiefly in ringing the church bell three times a day to notify the people of the time to go to work in the morning—to refresh themselves at noon—and to cease labor in the evening, and sometimes to carry to the priest a glass of water and light his candles, and to keep the church clean, and light it up when required. All these duties employed appellee, perhaps, one hour each day, and his spare time was employed in the priest's garden and on his farm, for which he was fully paid by the appellant.

It also appears, that as part compensation to appellee, the parishioners were in the habit of bringing him flour, wood, soap and other necessaries for his family, and the priest himself, the appellant, sent him, as a present, from England, one hundred dollars.

The whole weight of the evidence goes to show, most clearly, that appellant was under no liability whatever, by any promise, express or implied, to pay appellee for his services as church warden. It also shows that appellee was not employed as church warden by appellant, but by the trustees, and the whole case is barren of one single fact calculated to fix a responsibility upon the appellant. And why the appellant's counsel should have put in a plea of set-off, in such a case, we cannot understand, nor can we understand why the jury found the verdict they did, under the proof.

They must have been misled by the instructions, several of which were calculated to mislead, and throw the jury off the true path of enquiry. The question before them was, a

hiring and employment by appellant to perform the services of church warden. Not one of the instructions asked by appellee, and given, point in that direction.

The instructions asked by the defendant take this view of the case, and it is unaccountable, as they were all given by the court, that the jury came to the conclusion they did.

There is no evidence to support the verdict. The remark of appellant, that he was so destitute, "he could not pay his poor church warden," fixes no liability on him to pay the warden, he having been employed by the trustees, and performed no services for the personal benefit of appellant, for which he was not fully paid. The court should have granted a new trial. For refusing to do so, the judgment is reversed and the cause remanded, that a *venire de novo* may issue.

*Judgment reversed.*